IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      vs.<br><br>WILLIAM HENRY LEE,<br><br>             Defendant. | No. CR-F-93-5147 REC<br><br>ORDER DENYING MOTION FOR RELIEF PURSUANT TO RULE 60(b), FEDERAL RULES OF CIVIL PROCEDURE |

On January 20, 2006, William Henry Lee, proceeding <u>in pro per</u>, filed a motion pursuant to Rule 60(b), Federal Rules of Civil Procedure, contending that his sentence was enhanced an additional 172 months in violation of <u>United States v. Booker</u>, 543 U.S. 220 (2005).  Lee argues that he is entitled to resentencing pursuant to <u>United States v. Ameline</u>, 409 F.3d 1073 (9th Cir. 2005).

The court hereby denies Lee's motion.

First of all, Rule 60(b) does not apply to obtain relief from a final judgment in a criminal action.  <u>See</u> <u>United States v.</u>

1

1  Mosavi, 138 F.3d 1365 (11th Cir. 1998); 12 Moore's Federal
2  Practice, § 60.02 (Matthew Bender 3rd ed.).
3       The court notes that Lee previously filed a motion to
4  vacate, set aside or correct sentence pursuant to 28 U.S.C. §
5  2255.  The Section 2255 motion was filed on August 23, 2000 in
6  No. CV-F-00-6238 REC.  In the Section 2255 motion, Lee contended
7  that this court erred by not calculating his sentence pursuant to
8  Application Note 12 to the Commentary to § 2D1.1 of the
9  Sentencing Guidelines, effective November 1, 1995.  By Order
10 filed on December 4, 2000, the court dismissed the Section 2255
11 motion as barred by the one year statute of limitations and
12 because Lee failed to set forth grounds his entitlement to
13 equitable tolling.  Judgment for respondent was entered on
14 December 5, 2000.  Lee did not appeal the denial of the Section
15 2255 motion.  Although the court could construe the instant
16 motion as a motion for relief from the judgment entered in
17 connection with the denial of the Section 2255 motion, the court
18 will not do so here.  Because Lee raises new claims in his Rule
19 60(b) motion, the court construes the motion as a second or
20 successive Section 2255 motion.  Thompson v. Calderon, 151 F.3d
21 918 (9th Cir.), cert. denied, 524 U.S. 965 (1998)  Therefore, in
22 order to proceed with these claims, Lee first must move in the
23 Ninth Circuit Court of Appeals for an order authorizing the
24 district court to consider the application.  28 U.S.C. §§
25 2244(b)(3)(A) and 2255.
26      Furthermore, even if the court allowed Lee to move for

1  relief from the judgment regarding the denial of the Section 2255
2  motion pursuant to Rule 60(b), Lee would not be entitled to
3  relief.  This is because <u>Booker</u> is not retroactively applicable
4  to cases on collateral review.  <u>United States v. Cruz</u>, 423 F.3d
5  1119 (9th Cir. 2005), <u>cert. denied</u>, 2006 WL 152073 (2006).
6     Finally, Lee's contention that he is entitled to relief
7  because of his claim of actual innocence is without merit.  The
8  actual innocence exception allows a federal prisoner to proceed
9  under 28 U.S.C. § 2241 rather than Section 2255.  Lee's argument
10 is one of legal innocence, not factual innocence, based on his
11 erroneous premise that <u>Booker</u> applies retroactively to cases on
12 collateral review.  As noted, <u>Booker</u> does not so apply.
13    ACCORDINGLY:
14    1.  William Henry Lee's motion for relief pursuant to Rule
15 60(b), Federal Rules of Civil Procedure is denied.
16    IT IS SO ORDERED.
17 **Dated:  January 24, 2006**          /s/ Robert E. Coyle
   668554                         UNITED STATES DISTRICT JUDGE

3